## J. H. Beers and Company v. John F. Gurney.

1. MANNER OF PUTTING IN ISSUE THE GENUINENESS OF A SIGNATURE.

The genuineness of the signature of a person sued upon a written instrument which purports to be signed by him, may be put in issue by "an affidavit that such instrument of writing was not made, given, subscribed, accepted or endorsed by him."

2. RIGHT OF PARTNERSHIP TO SUE IN ITS FIRM NAME.

Where a partnership sues in its firm name, it not being shown that it was entitled to thus sue and prosecute its action, and it does not affirmatively appear in the record that it was a partnership, formed for the purpose of carrying on a trade or business or holding property in this state, then such action does not come within the purview of section 5011, authorizing such partnership to sue by the usual or ordinary name, which it has assumed, or by which it is known, and therefore such partnership has no legal capacity to sue, and unless the pleading is demurred to on this specific ground, the objection is waived. The absence of affirmative allegations or proof in support of its right to sue in the firm name, where no objection had been interposed to its suing in this way, is not sufficient to justify a judgment against such partnership.

PARKER, J.

The plaintiff, J. H. Beers and Company, brought a suit in its said firm name against the defendant in error, John F. Gurney, before a justice of the peace in this county, upon a certain written contract, of which the following is a copy:

"To J. H. Beers & Co.:—I hereby agree to take one copy of your Commemorative Biographical Record of the Counties of Huron and Lorain, Ohio, if published, for which, when delivered to me or at my residence or place of business, I will pay to you or your order the sum of fifteen dollars. I base the above on what is promised in your prospectus. I further agree to correct or revise, if necessary, and to promptly return the Biographical Sketch when sent to me for that purpose."

What purports to be the signature of John F. Gurney appears upon the paper just below what I have read. The defendant filed before the justice of the peace an answer, which reads as follows:

"Now comes the defendant, and in answer to the plaintiff's bill of particulars filed in said case, makes the following defense, viz.: That he never made any contract with the said J. H Beers & Co. of any kind whatever, neither express nor implied, nor verbal nor written; and that he wholly denies having signed the contract filed in this case, nor did he

instruct or authorize any person to sign it for him; and he furthermore says that the plaintiff has no cause of action against him. The defendant therefore prays that the said action be dismissed, and that a judgment be rendered against said plaintiff for costs.''

This answer is verified and seems to meet the requirements of the provision of section 6577, Revised Statutes, to the effect that the genuineness of the signature of a person sued upon a written instrument which purports to be signed by him may be put in issue by ''an affidavit that such instrument of writing was not made, given, subscribed, accepted or indorsed by him.''

The defendant afterwards filed what he denominates ''An amendment to defendant's bill of particulars,'' which reads as follows:

''Now comes the defendant and prays leave to amend his answer in said case as follows: That the alleged contract upon which plaintiff bases this action is a base forgery and fraud. That the plaintiffs, through their agents, have practiced the same fraud and deception upon various other persons with like contracts as have been alleged by the plaintiff in his bill of particulars, and have through threats of litigation, forced said other parties to settle for books they never contracted for; which contracts were forgeries, similar to the contract in this case. All of which allegations he is ready and willing to prove.''

The case was tried before the justice of the peace, and a jury, and the trial resulted in a verdict for the defendant, which, on motion of the plaintiff, was set aside, and another trial was had before the justice of the peace and a jury, which also resulted in a verdict in favor of the defendant. Whereupon the plaintiff moved the court to set aside said verdict and grant it a new trial. Among other grounds stated in said motion are these: That the verdict is not sustained by the evidence; and that the justice erred in admitting evidence prejudicial to the plaintiff over its objection. This motion was overruled and judgment was entered against the plaintiff upon the verdict. It had allowed, and filed, its bill of exceptions which contains all the evidence submitted to the jury upon this trial of the case. The plaintiff filed its petition in the court of common pleas to reverse this judgment, but the court found that there was no error in the record prejudicial to the plaintiff in error, and affirmed the judgment. This proceeding is prosecuted to reverse said judgment of the court of common pleas and said judgment of the justice, and for the setting aside of said verdict.

A careful reading of the whole record discloses the fact that the case was tried upon the single issue as to the genuineness of the defendant's signature to the contract upon which the suit was brought.

It appears upon the record that the plaintiff, the location of whose headquarters for business are somewhat uncertain, was engaged in preparing, publishing and vending a book denominated, ''A Commemorative Biographical Record of the Counties of Huron and Lorain, Ohio;'' and that the business of obtaining the material for the sketches to be published in said work, and of obtaining subscribers for the book, and of delivering the book and collecting from the subscribers, was being transacted in Huron and Lorain counties, Ohio. That in the transaction with the defendant in which the contract sued on was given (if it was in fact given), the plaintiff was represented by an agent and the defendant acted on his own behalf. The defendant gave to this agent materials for the sketch of defendant's life to be published in the work, and, the plaintiff claims, at the same time, signed this subscription sued on for a

copy of the work. At all events, these parties met and had some negotiations about this matter, and this business was all transacted in Huron county, Ohio.

In the course of the trial, witnesses on behalf of the defendant were permitted to testify to other transactions of the same character between the witnesses and persons who represented themselves to be agents of the plaintiff; transactions which appear to be in no way connected with that in which the defendant was concerned, and out of which this controversy arose, and with persons who did not appear from any competent evidence introduced to have been agents of the plaintiff; and these witnesses were permitted, over the objection of the plaintiff, to testify that these persons who claimed to be agents of the plaintiff, had in these transactions attempted to defraud them in a manner similar to that in which defendant here claims that the plaintiff and its agents attempted to defraud him.

As an example of this kind of evidence introduced upon the trial, I read from the bill of exceptions:

"The defendant, to further maintain the issues on his part, swore and examined as a witness, Ephraim Frost, who testified as follows: viz., That sometime in the spring of 1893, a man came to his house who said he had been to Mr. John F. Gurney's, who had signed for the book, and for which he was the agent for some parties in Chicago, who were getting up a biographical book and that he wanted him to subscribe for the same. He said that he did not know the man or his name. All he knew about him was what he said himself, that he had been to Mr. Gurney's house. Plaintiff objected to witness giving his testimony, for the reason that he did not know he was the same man who had transacted business with Mr. Gurney, and the statement of the man, whoever he was, could not alone be received as evidence of his agency. The court overruled the objection and allowed the witness to give his testimony, to which ruling and allowance of the court, the plaintiff then and there excepted and does now except."

The witness then proceeded and testified that he gave said party a biographical sketch of himself and family, and when he had written it out, he asked him to sign a contract to take a copy of the book if it was published, and that he refused to do so, and told him that he did not want the book, and that the man went away and he heard nothing more about it until the spring of 1894, when a man brought a book and left it at his house. A short time after the book was left at his house, a man who said he was an agent of J. H. Beers & Co., demanded payment for the book, and said he had a contract purporting to be signed by witness for the same, and he produced it, and his name was signed to it by a mark, and he told the man that it was a forgery, as he could sign his own name, and the man said his daughter had signed his name to it, which he said was not true, as his daughter, nor any of his daughters, were not at home at that time, and his name to said contract was a forgery.

And thereupon the plaintiff moved the court to take said testimony from the jury, which motion the court overruled, to which ruling of the court the plaintiff then and there excepted and does now except.

There is other testimony of the same sort from the witness, A. Cushman, who testified that a man came to him and represented himself to be an agent of J. H. Beers & Co. and who, according to his story, undertook to swindle him by requiring him to settle upon a contract which he declared he had not signed.

Another witness, one William Van Lue, was asked the general question: "State whether the transaction you had with J. H. Beers & Co. was satisfactory to you?" This question was objected to by plaintiff. The objection was overruled by the court, to which ruling the plaintiff excepted. Answer: "No, sir, it was not."

On account of this testimony, admitted over the objection of the plaintiff, we find that there was error in the proceedings before the justice which was clearly prejudicial to the plaintiff, and which requires a reversal of the judgment rendered by the justice of the peace, unless it shall appear from the whole record that the plaintiff was not entitled to maintain the suit or recover a judgment therein. We are not favored by a report of the opinion of the learned judge of the court of common pleas, but we cannot doubt that he took the same view of the matter of the admission of this testimony ; we are advised, however, that he affirmed this judgment upon the ground that the plaintiff, suing in its firm name, did not appear to have shown itself to be entitled to thus sue and prosecute its action, and that since it does not affirmatively appear in the record that it was a partnership formed for the purpose of carrying on a trade or business in this state, or holding property in this state, it did not come within the purview of section 5011, Revised Statutes, authorizing such partnership to sue by the usual or ordinary name which it has assumed or by which it is known.

It has been held by the supreme court in the case of *Haskins* v. *Alcott*, 13 O. S., 210, as a rule of pleading, that the plaintiff must bring itself within the provisions of this act in order to carry on a suit in the firm name; but it is also held in the same case, and in other cases, that the omission to make the averments necessary to bring the plaintiff within the purview of this section, is a proper cause for demurrer under the second subdivision of section 5062 of the Revised Statutes, viz.: On the ground that the plaintiff has no legal capacity to sue; and that, unless the pleading is demurred to on this specific ground, the objection is waived. That it is waived where a general demurrer only is interposed.

The same principle is involved and approved in the case of *Abernathy* v. *Latimore, Jenkins & Co.*, 19 O., 286.

In the case of *Sanders* v. *Keber* and *Miller*, 28 O. S., 630, an objection was made to the form in which the plaintiff brought its suit, the suit having been brought in the firm name, and the names of the members of the firm not having been given. The petition in that case containing the allegation that the plaintiffs "are a firm doing business within the state of Ohio," and omitting to state that it was formed for that purpose. The court below did not sustain this objection, and the defendant, without excepting to this rule, answered over, and the case was heard on its merits. The supreme court without passing upon the question whether this objection was well founded, say, that because of this action taken in failing to except to the ruling, etc., "it is now too late to raise this question."

In *Globe Rolling Mill* v. *King & Co.*, reported in volume 2, of Cincinnati Superior Court Reports, at pages 21 and 22, the point was made that the defendant firm sued in the firm name, was described in the petition as "a firm doing business under that name in the state of Ohio," instead of describing it as formed for "the purpose" of doing business in this state. And the case of *Haskins* v. *Alcot* was cited as sustaining the point that this was insufficient. The court held that

this point was not decided in the case cited, and Taft, Judge, in the opinion, says, that "the language of the opinion of the court would seem to go upon the hypothesis that the essential thing under the statute was to show that the firm was actually doing business in the state of Ohio. I think that if it appears that the firm was actually doing business in the state, it is to be assumed that it was formed for that purpose, and I cannot regard it as a defense that a firm actually doing business here was intended to do business somewhere else."

In this case, we do not feel called upon to either approve or disapprove of this holding, but remark that if this rule was applied to the case in hand, the judgment must be reversed, because it fairly appears from the record that this firm was actually doing business in Lorain county, Ohio, and the suit grows out of the business transaction carried on by the firm with the defendant in Lorain county, Ohio; and it does not affirmatively appear in the record that the firm was not formed for the purpose of carrying on business in Ohio, nor that it was formed for the purpose of carrying on business anywhere else, nor that in fact, ever transacted any business outside of the state of Ohio.

It is claimed that the bill of exceptions shows that the headquarters of the firm are in Chicago, Illinois. The statement of the witness, Beers, in his deposition, upon which this claim is based, is somewhat equivocal ; it may relate to his own residence as well as to the place of business of the firm; but we base our decision upon the ground that this objection to the suit being brought in the firm name was not raised during the pendency of the cause in the justice's court, and was therefore waived in that court.

We do not pretend to say just how this objection to the capacity of the plaintiff to sue must be raised before the justice of the peace in order to prevent the application of the doctrine of waiver; but where we find, as in this case, that the right of the plaintiffs to recover a judgment has been vigorously contested upon two trials and upon several hearings without this question having been raised or suggested, we think that it ought to be deemed waived.

The defendant asked that the plaintiff might be required to give security for costs, and that in default thereof, the case might be dismissed. Security for costs was ordered and given. Afterward, on motion of the defendant, additional security was required and given.

There is one motion interposed by defendant to dismiss the cause in which no ground is stated. It does not appear anywhere in the record that any objection whatever was raised to the suit being instituted and carried forward in the firm name, and no effort was made upon the trial to show that the plaintiff firm was not authorized to maintain this suit in Ohio, in its firm name. If the question had been presented, it may be that the plaintiff might have shown beyond question its right to thus sue. Its right to sue in this way may have been known to and recognized by the defendant. It may have been clear; at all events it is unquestioned. But even if it might have been successfully disputed it is not a question that goes to the jurisdiction of the court over a party, or over the subject matter. It is an objection that may be waived.

We do not undertake to hold that this question may not be raised hereafter in any subsequent proceeding that may be had in this case in the courts below. We express no opinion upon that subject. We simply hold that it was too late for the defendant in error to raise this question when the cause was pending on error in the common pleas

court; and if it may still be interposed when the cause comes up to be heard upon its own merits, it should be done in such a way as to distinctly raise the question and afford the plaintiff an opportunity to be heard, or present its proofs upon it.

The absence of affirmative allegations, or proofs in support of its right to sue in the firm name, where no objection had been interposed to its suing in this way, is not sufficient to justify a judgment against the plaintiff.

The judgment of the court of common pleas is reversed, and the case will be remanded to that court, with directions to reverse the judgment of the justice of the peace and set aside the verdict, and to set the case down for trial or other proceedings according to law, in the court of common pleas. The costs of the proceedings in this court are adjudged against the defendant in error.

*D. H. Young and Sherman Culp*, for plaintiffs.

*Wm. G. Burwell and G. R. Craig*, for defendant.